In re:

CHS FL, LLC, *et al.*,

Debtors. [1]

/

THE STATUTORY UNSECURED
CLAIMHOLDERS' COMMITTEE OF CHS
FL, LLC, *et al.,* on behalf of the Bankruptcy
Estate of CHS FL, LLC *et. al.,*

     Plaintiff,

v.

YITZCHAK "ISAAC" LEFKOWITZ,
individually, TN CORRECT HEALTH
SERVICES LLC, and CORRECT HEALTH
SERVICES LLC,

     Defendants.

/

Chapter 11

Case No. 2:26-bk-01087-FMR
*Jointly Administered*

Adv. Pro. No. 2:26-ap-00028-FMR

**EMERGENCY MOTION FOR AUTHORIZATION
TO ALLOW DAVID GOLDWASSER OF FIA CAPITAL PARTNERS, CHIEF
RESTRUCTURING OFFICER TO THE DEBTORS, AND YITZ TAUB
<u>TO TESTIFY REMOTELY AT HEARING</u>**

The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al. (the

"**Committee**"), moves this Court for entry of an order authorizing David Goldwasser and Yitz

Taub to appear and testify remotely at the hearings scheduled upon the Committee's *Emergency*

*Motion for an Order to Show Cause With Temporary Restraints* [Docket No. 2] scheduled before

the Court on **July 15, 2026 at 4:00 p.m.** (the "**Hearing**") pursuant to Federal Rule of Bankruptcy

Procedure 7043 and Federal Rule of Civil Procedure 43(a) and states:

     1.     As the Court is aware, Mr. Goldwasser is Chief Restructuring Officer of each of

---

[1] Lead Debtor's address: 3347 Tamiami Trail E., Naples, FL 34112. Last four digits of federal tax ID numbers: CHS
FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573);
Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

the above-captioned debtors and debtors in possession and has served as the Debtors' CRO since May 6, 2026. Mr. Taub, an employee of Mr. Goldwasser's firm, FIA Capital Partners, is also expected to provide testimony at the Hearing.

2. The Committee intends to call Mr. Goldwasser and Mr. Taub as witnesses to appear and testify (as may be deemed necessary) at the Hearing. Attached as composite **Exhibit A** are the *Subpoenas to Appear and Testify at a Hearing or Trial in a Bankruptcy Case (or Adversary Proceeding)* directed to each witness.

3. Mr. Goldwasser and Mr. Taub, however, reside outside of Florida. Therefore, the Committee seeks authority to have Mr. Goldwasser and Mr. Taub appear as witnesses remotely at the Hearing, and to provide testimony as may be necessary. Although Federal Rule of Civil Procedure 43(a) prefers that witness testimony be taken in open court, "[t]he plain language of the rule [also] gives the … court discretion to allow live testimony by video for 'good cause in compelling circumstances and with appropriate safeguards.'" *Toland v. Phoenix Ins. Co.*, No. 20-12556, 2021 WL 1201737, at *4 (11th Cir. Mar. 30, 2021) (citation and quotation omitted). *And see Novello v. Progressive Express Ins. Co.*, 2021 WL 1597937, at *1 (M.D. Fla. Apr. 23, 2021) (same).

4. Here, ample compelling circumstances support the Court permitting Mr. Goldwasser and Mr. Taub to appear remotely. First, due to the expedited nature of this proceeding and the short notice provided, it is not possible for these witnesses to appear in person in a timely manner. Second, the expense associated with arranging last-minute travel and accommodations for these witnesses would be significant. The Southern District of Florida District Court has authorized a witnesses' virtual appearance in just such circumstances. *NeuroMd Med. Techs., LLC v. Amazon.com, Inc.,* 2023 WL 11892480, at *1 (S.D. Fla. Dec. 28, 2023) (finding good cause where out-of-state witnesses faced burdensome travel on short notice and requiring them to travel for limited testimony would be disproportionate to the needs of the case).

5. Third, in denying requests for virtual appearances, courts frequently cite a party's failure to clear schedules and arrange for travel, even though they have had substantial notice. *See, e.g., Stone Tech. (HK) Co., Ltd. v. GlobalGeeks, Inc.,* No. 20-CV-23251, 2021 WL 2940256, at *2 (S.D. Fla. July 13, 2021) (party had 11 months' notice and citing similar cases). But here the Committee has sought to have the matters set before the Court on an expedited

basis, such that travel and related accommodations are an additional hurdle to arranging travel for Mr. Goldwasser and Mr. Taub to be physically present in the Courtroom with only one day notice.

6. Finally, the Court here can impose appropriate safeguards under these circumstances. Rule 43(a)'s exception requires appropriate safeguards when a witness is testifying remotely to ensure accurate identification of the witness and transmission of the testimony as well as to protect against improper influence by persons present with the witness. In this regard, many courts have ruled that these safeguards can be established through modern videoconference technology. *Julian Liu v. State Farm Mut. Auto. Ins. Co.*, 507 F. Supp. 3d 1262, 1265 (W.D. Wash. 2020) ("Rule 43(a)'s requirement that testimony occur in open court serves two purposes: (1) to ensure that the witness testimony may be tested by cross-examination, and (2) to allow the trier of fact to observe the demeanor of the witness. ... Both purposes are satisfied with contemporaneous videoconferencing technology."). *See also Novello v. Progressive Express Ins. Co.*, 2021 WL 1597937, at *1-2 (M.D. Fla. Apr. 23, 2021) (finding appropriate safeguards satisfied where witnesses testify by video, "which allows the jury to observe and evaluate the witnesses' demeanors and facial expressions during their testimony," and "both Plaintiff and Defendant will have the opportunity to examine [the witnesses] using the same video platform, ensuring that the method and opportunity for examination is the same").

7. The Committee proposes the following safeguards, which are commonly imposed by courts permitting remote testimony: (a) each witness shall testify alone from a separate, private room; (b) each witness shall maneuver his video camera so as to display the entire room from which he is testifying, to ensure he is alone; and (c) each witness shall not have any electronic devices during his testimony, other than the device he is using to testify, and no notes or other documents. *See NeuroMd* at *1-2 (S.D. Fla. Dec. 28, 2023). Moreover, considerations pertaining to appropriate safeguards are tempered to a certain degree for bench trials, as is the case here, before the bankruptcy court. *See* 30 No. 4 J. Bankr. L. & Prac. NL Art. 3.

8. For all these reasons, the Committee respectfully requests that the Court permit Mr. Goldwasser and Mr. Taub to appear and testify virtually at the Hearing.

**WHEREFORE,** The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al. respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit B** (i) granting this Motion; (ii) authorizing David Goldwasser and Yitz Taub

to appear and testify remotely at the Hearing; and (iii) providing for such other and further relief as the Court deems just and proper.

Dated: July 14, 2026,  Respectfully submitted,
Miami, Florida

**COLE SCHOTZ P.C.**

 */s/ Luis Salazar*
Luis Salazar, Esq. (Florida Bar No. 147788)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted *pro hac vice*)
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129
Telephone: (305) 374-4848
lsalazar@coleschotz.com
jalberto@coleschotz.com
scarnes@coleschotz.com

- and -

**PROSKAUER ROSE LLP**

Brian Rosen, Esq. (admitted *pro hac vice*)
Ehud Barak, Esq. (admitted *pro hac vice*)
Daniel Desatnik, Esq. (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

- and -

Paul Possinger, Esq. (admitted *pro hac vice*)
Jordan Sazant, Esq. (admitted *pro hac vice*)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
ppossinger@proskauer.com
jsazant@proskauer.com

*Counsel to the Statutory Unsecured Claimholders'*
*Committee to CHS FL, LLC, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case and parties in interest registered to receive notices via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that the foregoing document was served via first class mail, postage-prepaid, overnight delivery, and/or electronic mail on the following:

**Via E-Mail Only:**

Jonathan S Feldman
feldman@katiephang.com, maria@katiephang.com, service@katiephang.com

**Via U.S. Mail, postage pre-paid**
**& Overnight Delivery:**

| | |
|---|---|
| Yitzchak Lefkowitz a/k/a Isaac Lefkowitz<br>1528 56th Street, Apt. 1<br>Brooklyn, New York 11219 | TN Correct Health Services, LLC<br>c/o Yitzchak Lefkowitz, as Registered Agent<br>205 Powell Place, Suite 104<br>Brentwood, TN 37027 |
| | Correct Health Services, LLC<br>c/o Correct Health Services, LLC, as<br>Registered Agent<br>205 Powell Place, Suite 104<br>Brentwood, TN 37027 |

*/s/ Luis Salazar*_____
　　　Luis Salazar

<u>**COMPOSITE EXHIBIT A**</u>

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF FLORIDA

In re   CHS FL, LLC et al
_____
Debtor
*(Complete if issued in an adversary proceeding)*

THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE
OF CHS FL, LLC, et al., on behalf of the Bankruptcy Estate of CHS FL,
LLC, et al.,

Plaintiff

v.

YITZCHAK "ISAAC" LEFKOWITZ, individually,
TN CORRECT HEALTH SERVICES LLC, and
CORRECT HEALTH SERVICES LLC

Defendant(s)

Case No.  2:26-bk-01087-FMR

Chapter  11

Adv. Proc. No.  2:26-ap-00028-FMR

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:     David Goldwasser, Founder and Managing Partner of FIA Capital Partners
_____
*(Name of person to whom the subpoena is directed)*

☒  **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE **Sam M. Gibbons United States Courthouse** **801 N Florida Avenue** **Tampa, Florida 33602** | COURTROOM  **8A** |
|---|---|
| | DATE AND TIME **July 15, 2026 at 4:00 p.m.** |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **July 14, 2026**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Plaintiff, The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al.**  who issues or requests this subpoena, are: Luis Salazar, Esq., Cole Schotz P.C., 2121 SW 3rd Avenue, Suite 200, Miami, Florida 33129, lsalazar@coleschotz.com, (305) 374-4802.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT

## MIDDLE DISTRICT OF FLORIDA

In re   CHS FL, LLC et al
_____
Debtor
*(Complete if issued in an adversary proceeding)*

THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE
OF CHS FL, LLC, et al., on behalf of the Bankruptcy Estate of CHS FL,
LLC, et al.,

Plaintiff

v.

YITZCHAK "ISAAC" LEFKOWITZ, individually,
TN CORRECT HEALTH SERVICES LLC, and
CORRECT HEALTH SERVICES LLC

Defendant(s)

Case No.  2:26-bk-01087-FMR

Chapter  11

Adv. Proc. No.  2:26-ap-00028-FMR

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Yitz Taub, Chief Financial Officer of FIA Capital Partners
_____
*(Name of person to whom the subpoena is directed)*

[X] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE | COURTROOM **8A** |
|---|---|
| **Sam M. Gibbons United States Courthouse** **801 N Florida Avenue** **Tampa, Florida 33602** | DATE AND TIME **July 15, 2026 at 4:00 p.m.** |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **July 14, 2026**

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Plaintiff, The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al.** who issues or requests this subpoena, are: Luis Salazar, Esq., Cole Schotz P.C., 2121 SW 3rd Avenue, Suite 200, Miami, Florida 33129, lsalazar@coleschotz.com, (305) 374-4802.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT B

## Proposed Order

In re:                                        Chapter 11

CHS FL, LLC, *et al.*,                         Case No. 2:26-bk-01087-FMR
                                              *Jointly Administered*

_____Debtors.¹_____/

THE STATUTORY UNSECURED                        Adv. Pro. No. 2:26-ap-00028-FMR
CLAIMHOLDERS' COMMITTEE OF CHS
FL, LLC, *et al.,* on behalf of the Bankruptcy
Estate of CHS FL, LLC *et. al.,*

        Plaintiff,
v.

YITZCHAK "ISAAC" LEFKOWITZ,
individually, TN CORRECT HEALTH
SERVICES LLC, and CORRECT HEALTH
SERVICES LLC,

_____Defendants._____/

**ORDER GRANTING EMERGENCY MOTION FOR AUTHORIZATION
TO ALLOW DAVID GOLDWASSER OF FIA CAPITAL PARTNERS, CHIEF
RESTRUCTURING OFFICER TO THE DEBTORS, AND YITZ TAUB
<u>TO TESTIFY REMOTELY AT HEARING</u>**

_____

¹ Lead Debtor's address: 3347 Tamiami Trail E., Naples, FL 34112. Last four digits of federal tax ID numbers: CHS FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573); Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

1

THIS MATTER came before the Court upon *Emergency Motion for Authorization to Allow David Goldwasser of FIA Capital Parters, Chief Restructuring Officer to the Debtors, and Yitz Taub to Testify Remotely at Hearing* ("**Motion**"), filed by The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al. (the "**Committee**").  The Court, having considered the Motion, and finding good cause exists to grant the relief requested in the Motion, it is

     **ORDERED** that:

     1.     The Motion is **GRANTED.**

     2.     David Goldwasser is authorized to appear and provide testimony remotely via Zoom at the July 15, 2026 Hearing.

     3.     Yitz Taub is authorized to appear and provide testimony remotely via Zoom at the July 15, 2026 Hearing.

     4.     Mr. Goldwasser and Mr. Taub shall each certify under oath that there are no other individuals present with him at the time of his appearance to testify, and that all electronic devices, other than those which he is using to testify, are turned off.

# # #

Submitted by:
Luis Salazar, Esq.
COLE SCHOTZ P.C.
2121 SW 3rd Avenue, Suite 200
Miami, Florida 33129
Telephone: (305) 374-4848
Email: LSalazar@coleschotz.com

*(Attorney Salazar shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.)*