UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, *et al.*, | Case No. 2:26-bk-01087-FMR |
| | *Jointly Administered* |
| Debtors.[1] | |
| _____/ | |
| THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE OF CHS FL, LLC, *et al.*, on behalf of the Bankruptcy Estate of CHS FL, LLC *et al.*, | Adv. Pro. No. 2:26-ap-00028-FMR |
| Plaintiff, | |
| v. | |
| YITZCHAK "ISAAC" LEFKOWITZ, individually, TN CORRECT HEALTH SERVICES LLC, and CORRECT HEALTH SERVICES LLC, | |
| Defendants. | |
| _____/ | |

## <u>NOTICE OF ISSUANCE OF SUBPOENA</u>

The Statutory Unsecured Claimholders' Committee of CHS FL, LLC, *et al.*, by and through

its undersigned counsel, pursuant to Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy

Procedure, Rules 30 and 45 of the Federal Rules of Civil Procedure, and Rules 7030-1 and 9016-1

of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, hereby

gives notice of the issuance of the following *Subpoena to Testify at a Deposition in a Bankruptcy*

---

[1] Lead Debtor's address: 3347 Tamiami Trail E., Naples, FL 34112. Last four digits of federal tax ID numbers: CHS FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573); Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

*Case (or Adversary Proceeding)* (the "Subpoena") on July 17, 2026, to UKG Inc.  A true and correct

copy of the Subpoena is attached to this Notice as **Exhibit A**.

| | |
|---|---|
| Dated: July 17, 2026<br>Miami, Florida | **COLE SCHOTZ P.C.** |

By: */s/ Luis Salazar*

Luis Salazar, Esq. (Florida Bar No. 147788)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted *pro hac vice*)
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129
Telephone: (305) 374-4848
lsalazar@coleschotz.com
jalberto@coleschotz.com
scarnes@coleschotz.com

- and -

**PROSKAUER ROSE LLP**

Brian Rosen, Esq. (admitted *pro hac vice*)
Ehud Barak, Esq. (admitted *pro hac vice*)
Daniel Desatnik, Esq. (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

- and -

Paul Possinger, Esq. (admitted *pro hac vice*)
Jordan Sazant, Esq. (admitted *pro hac vice*)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
ppossinger@proskauer.com
jsazant@proskauer.com

*Counsel to the Statutory Unsecured Claimholders'*
*Committee to CHS FL, LLC, et al.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this day, July 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case and parties in interest registered to receive notices via transmission of Notices of Electronic Filing generated by CM/ECF. I further certify that the foregoing document was served via first class mail, postage-prepaid and Federal Express, overnight delivery, on the following:

UKG Inc.
c/o United Agent Group Inc., as
Registered Agent
801 US Highway 1
North Palm Beach Florida 33408

UKG Inc.
c/o Jennifer Morgan, CEO
2250 N. Commerce Parkway
Weston, Florida 33326


*/s/ Luis Salazar*
Luis Salazar

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, *et al.*, | Case No. 2:26-bk-01087-FMR<br>*Jointly Administered* |
| Debtors.[1] | |

———————————————— /

| | |
|---|---|
| THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE OF CHS FL, LLC, *et al.*, on behalf of the Bankruptcy Estate of CHS FL, LLC *et al.*, | Adv. Pro. No. 2:26-ap-00028-FMR |
| Plaintiff, | |
| v. | |
| YITZCHAK "ISAAC" LEFKOWITZ, individually, TN CORRECT HEALTH SERVICES LLC, and CORRECT HEALTH SERVICES LLC, | |
| Defendants. | |

———————————————— /

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **UKG Inc. (c/o United Agent Group Inc., as Registered Agent, 801 US Highway 1, North Palm Beach Florida 33408).**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| **Video Conference via Zoom Video Communications, Inc.** | **August 3, 2026 at 10:00 a.m.** |

The examination will be recorded by this method:  _Stenography and videography_

---

[1] Lead Debtor's address: 3347 Tamiami Trail E., Naples, FL 34112. Last four digits of federal tax ID numbers: CHS FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573); Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

[x] *Production:* You, or your representatives, must also produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material, on or before July 31, 2026:

*See Schedule B*

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 17, 2026

                    CLERK OF COURT

                                            OR

           _____                    _____

        *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* The Statutory Unsecured Claimholders' Committee, who issues or requests this subpoena, are: Luis Salazar, Esq., Cole Schotz P.C., 2121 SW 3rd Avenue, #200, Miami, FL 33129, lsalazar@coleschotz.com, 305-374-4802.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____
Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                    *Server's signature*


                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

CHS FL, LLC, *et al.*,

     Debtors.[1]

                                   /

THE STATUTORY UNSECURED
CLAIMHOLDERS' COMMITTEE OF CHS
FL, LLC, *et al.*, on behalf of the Bankruptcy
Estate of CHS FL, LLC *et al.*,

     Plaintiff,

v.

YITZCHAK "ISAAC" LEFKOWITZ,
individually, TN CORRECT HEALTH
SERVICES LLC, and CORRECT HEALTH
SERVICES LLC,

     Defendants.

                                   /

Chapter 11

Case No. 2:26-bk-01087-FMR
*Jointly Administered*

Adv. Pro. No. 2:26-ap-00028-FMR

**THE STATUTORY UNSECURED CLAIMHOLDERS'
COMMITTEE'S NOTICE OF TAKING DEPOSITION
*DUCES TECUM* OF UKG INC.**

Pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, as made

applicable by Rule 7030 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Bankruptcy Rule 9014, and Rule 7030-1 of the Local Rules of the United States

Bankruptcy Court for the Middle District of Florida (the "Local Rules"), the Statutory Unsecured

Claimholders' Committee (the "Committee") of CHS FL, LLC, *et al.* (the "Debtors") will

---

[1] Lead Debtor's address: 3347 Tamiami Trail E., Naples, FL 34112. Last four digits of federal tax ID numbers: CHS
FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573);
Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

1

examine, under oath, the following individual and/or entity (the "<u>Deponent</u>"), at the following date, time, and location as specified below.

| Person | Location | Date & Time |
|---|---|---|
| The designated Corporate Representative of UKG Inc. (the "<u>Designated Representative</u>"), with the most knowledge concerning the topics and matters set forth in the attached **Schedule A**. | Video Conference via Zoom Video Communications, Inc. | **August 3, 2026 at 10:00 a.m. (ET)**, or at another time mutually agreed upon by the parties |

The deposition will take place via video conference, which will require all participants to have access to an internet connection and a computer with a webcam.  The Deponent will be provided with access information prior to the commencement of the deposition.  The deposition will be recorded by video and stenographic means by a certified court reporter, Notary Public for the State of Florida at large, or some other person or officer authorized to record the testimony. The deposition will continue until completed or adjourned.

The deposition will be taken for purposes of discovery, preservation of testimony, for use at trial, and any other purposes permitted by the Federal Rules of Civil Procedure, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or other applicable law.  Any objection must be heard prior to the taking of the deposition.  The Committee reserves the right to seek relief in the event the Designated Representative is not properly prepared to testify on the topics and matters set forth in the attached **Schedule A**, or the Deponent fails to produce the documents set forth on **Schedule B**.

The Committee reserves its right to issue other or further notices of deposition or serve additional discovery on the Deponent.

Dated: July 17, 2026
      Miami, Florida

Respectfully submitted,

**COLE SCHOTZ P.C.**

By: */s/ Luis Salazar*

Luis Salazar, Esq. (Florida Bar No. 147788)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted *pro hac vice*)
2121 SW 3rd Avenue, Suite 200
Miami, FL 33129
Telephone: (305) 374-4848
lsalazar@coleschotz.com
jalberto@coleschotz.com
scarnes@coleschotz.com

- and -

**PROSKAUER ROSE LLP**

Brian Rosen, Esq. (admitted *pro hac vice*)
Ehud Barak, Esq. (admitted *pro hac vice*)
Daniel Desatnik, Esq. (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

- and -

Paul Possinger, Esq. (admitted *pro hac vice*)
Jordan Sazant, Esq. (admitted *pro hac vice*)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
ppossinger@proskauer.com
jsazant@proskauer.com

*Counsel to the Statutory Unsecured Claimholders'*
*Committee to CHS FL, LLC, et al.*

3

## SCHEDULE A

In accordance with Federal Rule of Civil Procedure 30(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7030 and 9014(c), the Committee designates the matters identified below for examination.  In construing these topics, the following shall apply:

**I.**     **DEFINITIONS.**

1.     The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations; provided, however, this term expressly excludes electronic mail, text messages, and other similar transmissions.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

3.     When referring to a natural person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and the person's present or last known place of employment.

4.     When referring to an entity other than a natural person, to "identify" means to give, to the extent known, the entity's full name, last known address and telephone number, date it was organized, jurisdiction under which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization.

4

5.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.     The use of the singular form of any word includes the plural and vice versa.

8.     The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

9.     "Cashier's Check" shall mean that certain cashier's check dated June 10, 2026 remitted by TN Services to "KRONOS UKG" in the amount of $1,714,000.00.

10.    The term "Insider" or "Insiders" shall have the meaning ascribed to the term "Insider" under 11 U.S.C. § 101(31), and includes, without limitation, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz, Joel Landau, David Gefner, Frank Jeffrey Sholey, Jeffrey Scott King, Sara Ann Tirschwell, Ayodeji Olawale Ladele a/k/a Gregory Ladele, Beverly Michelle Rice, James T. Sprouse, Jr., Alan Rubenstein, Michael Hagney, Zalman Schapiro, David Harrington, Brandon E. De Julius, Mary Silva, Latasha McMillan, and Elmeada Frias.

11.    "Non-Debtors" shall mean any Affiliates, parents, successors, owners, assigns, and predecessors of the Debtors, including, without limitation, the Other Affiliate Entities.

12.    "Other Affiliate Entities" shall mean Correct Health Services, LLC; TN Services; Geneva Consulting LLC; Geneva Consultings LLC; CHS Employee Group LLC; United Staffing; CHS Staffing, LLC; CHS PA, LLC; CHS MA, LLC; Corizon, LLC; YesCare Holdings LLC; CHS GA, LLC; CHS AZ, LLC; CHS IN, LLC; CHS MO, LLC; CHS KS, LLC; CHS NH, LLC; CHS New Jersey; CHS TN, LLC; YesCare AR, LLC; CHS IL, LLC; CHS MN, LLC; CHS VA, LLC;

5

M2 LoanCo; M2 HoldCo, LLC; M2 EquityCo, LLC; SIGMA Risk Management, LLC; CFG Health Systems, LLC; CFG Medical Services PA, PLLC; Geneva Health P.A.; Pinta Capital; Perigrove LLC; Perigrove 1018, LLC; Adar Management, LLC.

13.     "TN Services" shall refer to, however applicable, TN Correct Health Services LLC (formerly known as Geneva Consultings LLC) and/or any of the assumed names registered by TN Correct Health Services LLC (including without limitation "CHS Employee Group LLC," "CHS FL, LLC," and "CHS TX, LLC").

14.     "UKG" shall mean UKG Inc. and any of its Affiliates.

**II.     INSTRUCTIONS.**

1.     Pursuant to Federal Rule 30(b)(6), made applicable in these proceedings by Bankruptcy Rule 7030, You are directed to testify on Your behalf about information known or reasonably available to You regarding the below topics.

2.     You shall set forth, for each person designated, the matters on which the person will testify.

3.     The person(s) so designated shall testify as to information known or reasonably available to You regarding the below topics.

**III.     AREAS OF INQUIRY.**

The Deponent shall be prepared to address the following areas of inquiry:

1.     All facts and Documents concerning the business relationship between UKG, on one hand, and TN Services, the Debtors, any Insider, and/or the Non-Debtors, on the other.

2.     All facts and Documents concerning any historical payments made to UKG by, or on behalf of, TN Services, the Debtors, any Insider, and/or the Non-Debtors.

6

3.	All facts and Documents related to any payroll tax obligations of the Debtors from May 1, 2026 to present.

4.	All facts and Documents concerning the Cashier's Check.

5.	All facts and Documents concerning the details and contents of all physical mail, letters, or packages received on or after June 10, 2026 by UKG from, or related to, TN Services, the Debtors, any Insider, and/or Non-Debtors.

6.	UKG's policies and procedures regarding the methods by which clients pay payroll obligations, including whether payment is accepted by ACH, wire, or check, and whether UKG accepts certified checks.

**SCHEDULE B**

Pursuant to Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure, Rule 45 of the Federal Rules of Civil Procedure, and Rule 9016-1 of the Local Bankruptcy Rules of the Middle District of Florida, the Statutory Unsecured Claimholders' Committee of CHS FL, *et al.*, by and through its undersigned counsel, requests that UKG Inc. produce legible copies of the documents and information requested herein to Cole Schotz P.C., 2121 SW 3rd Avenue, Suite 200, Miami, FL 33129, Attn.: Luis Salazar, Esq., lsalazar@coleschotz.com.

## I.    DEFINITIONS.[1]

1.      The term "Communication" means any transmission of information by oral, graphic, written, pictorial or other perceptible means, including but not limited to, telephone conversations, letters, documents, memoranda, notes, telegrams, facsimile, transmissions, electronic mail, meetings and personal conversations.

2.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

3.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations; provided, however, this term expressly excludes electronic mail, text messages, and other similar transmissions.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

---

[1] Capitalized terms used but not defined in these definitions shall have the meanings ascribed to them later in these definitions.

4.      When referring to a natural person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and the person's present or last known place of employment.

5.      When referring to an entity other than a natural person, to "identify" means to give, to the extent known, the entity's full name, last known address and telephone number, date it was organized, jurisdiction under which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization.

6.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

10.     "Cashier's Check" shall mean that certain cashier's check dated June 10, 2026 remitted by TN Services to "KRONOS UKG" in the amount of $1,714,000.00.

11.     The term "Insider" or "Insiders" shall have the meaning ascribed to the term "Insider" under 11 U.S.C. § 101(31), and includes, without limitation, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz, Joel Landau, David Gefner, Frank Jeffrey Sholey, Jeffrey Scott King, Sara Ann Tirschwell, Ayodeji Olawale Ladele a/k/a Gregory Ladele, Beverly Michelle Rice, James T.

9

Sprouse, Jr., Alan Rubenstein, Michael Hagney, Zalman Schapiro, David Harrington, Brandon E. De Julius, Mary Silva, Latasha McMillan, and Elmeada Frias.

12. "Non-Debtors" shall mean any Affiliates, parents, successors, owners, assigns, and predecessors of the Debtors, including, without limitation, the Other Affiliate Entities.

13. "Other Affiliate Entities" shall mean Correct Health Services, LLC; TN Services; Geneva Consulting LLC; Geneva Consultings LLC; CHS Employee Group LLC; United Staffing; CHS Staffing, LLC; CHS PA, LLC; CHS MA, LLC; Corizon, LLC; YesCare Holdings LLC; CHS GA,LLC; CHS AZ, LLC; CHS IN, LLC; CHS MO, LLC; CHS KS, LLC; CHS NH, LLC; CHS New Jersey; CHS TN, LLC; YesCare AR, LLC; CHS IL, LLC; CHS MN, LLC; CHS VA, LLC; M2 LoanCo; M2 HoldCo, LLC; M2 EquityCo, LLC; SIGMA Risk Management, LLC; CFG Health Systems, LLC; CFG Medical Services PA, PLLC; Geneva Health P.A.; Pinta Capital; Perigrove LLC; Perigrove 1018, LLC; Adar Management, LLC.

14. "TN Services" shall refer to, however applicable, TN Correct Health Services LLC (formerly known as Geneva Consultings LLC) and/or any of the assumed names registered by TN Correct Health Services LLC (including without limitation "CHS Employee Group LLC," "CHS FL, LLC," and "CHS TX, LLC").

15. "UKG" shall mean UKG Inc. and any of its Affiliates.

**II.     REQUESTS FOR PRODUCTION**

1. Copies of all physical mail (including overnight or express delivery), including any envelope or other receptacle, received by UKG from, or on behalf of, TN Services, the Debtors, any Insider, and/or the Non-Debtors.

2.      All Documents and Communications concerning any physical mail (including overnight or express delivery) received on or after June 10, 2026 by UKG from, or on behalf of, TN Services, the Debtors, any Insider, and/or the Non-Debtors.

3.      All Documents and Communications concerning the Cashier's Check.