UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| CHS FL, LLC, *et al.*, | Case No. 2:26-bk-01087-FMR |
| Debtors. | *Jointly Administered* |
| _____/ | |
| THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE OF CHS FL, LLC, *et al.,* | Adv. Pro. No. 2:26-ap-00028-FMR |
| Plaintiff, | |
| v. | |
| YITZCHAK "ISAAC" LEFKOWITZ, individually, TN CORRECT HEALTH SERVICES LLC, and CORRECT HEALTH SERVICES LLC, | |
| Defendants. | |
| _____/ | |

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA**

Defendants, through undersigned counsel, pursuant to Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, Rules 30 and 45 of the Federal Rules of Civil Procedure, and Rules 7030-1 and 9016-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida, hereby gives notice of the issuance of the attached subpoena to American Express Travel Related Services, Inc.

Phang Feldman

**One Biscayne Tower | Suite 1600 | 2 S. Biscayne Boulevard | Miami, FL 33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

Dated: July 21, 2026

PHANG & FELDMAN, P.A.
*Counsel to Defendants*
2 S. Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, Florida 33131
Telephone: (305) 614-1223
By:     */s/ Jonathan S. Feldman*
           Jonathan S. Feldman (12682)
           feldman@katiephang.com
           service@katiephang.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 21, 2026, a true and correct copy of the foregoing was served on all interested parties by transmission of Notices of Electronic Filing ("NEF") generated by CM/ECF to those parties registered to receive NEF in this case.

I FURTHER CERTIFY that the foregoing document was served via first class mail, postage-prepaid and Federal Express, overnight delivery, on the following:

American Express Travel Related Services, Inc.
c/o C T Corporation System, Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

Stephen J. Squeri, CEO and Director
Laureen E. Seeger, General Counsel and Director
American Express Travel Related Services, Inc.
200 Vesey Street
NY, NY 10285

By:     */s/ Jonathan S. Feldman*
           Jonathan S. Feldman (12682)



B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ MIDLE _____   District of ____ FLORIDA _____

In re __ CHS FL, LLC, et al.,___[1]_____
Debtor

_(Complete if issued in an adversary proceeding)_

The Statutory Unsecured Claimholders' Committee, et al.,
Plaintiff
v.
Yitzchak "Issac" Lefkowitz, et al.,_____
Defendant

Case No. ___2:26-bk-01087-FMR___ (Jointly Administered)

Chapter ___11_____

Adv. Proc. No. __2:26-ap-00028-FMR

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __**AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC.** c/o C T Corporation Systems, Registered Agent__
_(Name of person to whom the subpoena is directed)_

[X] _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **SEE ATTACHED SCHEDULE A**

| PLACE **Jonathan S. Feldman, Esq., Phang & Feldman, PA., 2 So. Biscayne Blvd., Ste 1600, Miami, FL 33131 (Feldman@katiephang.com)** | DATE AND TIME **August 4, 2026, at 10:00 AM Eastern** |
|---|---|

[ ] _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __**7/21/2026**_____

CLERK OF COURT

OR

_____          **/s/ Jonathan S. Feldman, Esq. (FBN 12682)**
_Signature of Clerk or Deputy Clerk_          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_the Defendants_____ , who issues or requests this subpoena, are: Jonathan S. Feldman, Esq., Phang & Feldman, 2 So. Biscayne Blvd., Ste 1600, Miami, FL 33131 (305-614-1223) Feldman@katiephang.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

1  The address of the Lead Debtor is 3347 Tamiami Trl E. Naples, FL 34112.  The last four digits of the Debtors' federal tax identification numbers are: (i) CHS FL, LLC (5547); (ii) CHS TX, Inc. (5886); (iii) CHS AL, LLC (0801); (iv) YesCare Corp. (5961); (v) CHS Care NY, LLC (4573); (vi) Corizon Health of New Mexico, LLC (4760); and (vii) CHS Care TX, LLC (6583).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

In accordance with Federal Rule of Civil Procedure 30(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7030 and 9014(c), the Committee designates the matters identified below for examination.  In construing these topics, the following shall apply:

**I.**     **DEFINITIONS.**

1.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

2.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations; provided, however, this term expressly excludes electronic mail, text messages, and other similar transmissions.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

3.      When referring to a natural person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and the person's present or last known place of employment.

4.      When referring to an entity other than a natural person, to "identify" means to give, to the extent known, the entity's full name, last known address and telephone number, date it was organized, jurisdiction under which it was organized or incorporated, or, in the case of any entity other than a corporation, state the type of organization, the names of its members, and the date and place of its organization.

5.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

6.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.      The use of the singular form of any word includes the plural and vice versa.



Phang Feldman

**One Biscayne Tower | Suite 1600 |2 S. Biscayne Boulevard | Miami, FL  33131**
**T: (305) 614-1223 | (F): (305) 614-1187 | www.katiephang.com | feldman@katiephang.com**

8.      The term "Affiliate" or "Affiliates" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

9.      "Subject Account" shall mean YesCare account number 3716 151809 61001.

10.     The term "Insider" or "Insiders" shall have the meaning ascribed to the term "Insider" under 11 U.S.C. § 101(31), and includes, without limitation, Yitzchak Lefkowitz a/k/a Isaac Lefkowitz, Joel Landau, David Gefner, Frank Jeffrey Sholey, Jeffrey Scott King, Sara Ann Tirschwell, Ayodeji Olawale Ladele a/k/a Gregory Ladele, Beverly Michelle Rice, James T. Sprouse, Jr., Alan Rubenstein, Michael Hagney, Zalman Schapiro, David Harrington, Brandon E. De Julius, Mary Silva, Latasha McMillan, and Elmeada Frias.

11.     "Non-Debtors" shall mean any Affiliates, parents, successors, owners, assigns, and predecessors of the Debtors, including, without limitation, the Other Affiliate Entities.

12.     "Other Affiliate Entities" shall mean Correct Health Services, LLC; TN Services; Geneva Consulting LLC; Geneva Consultings LLC; CHS Employee Group LLC; United Staffing; CHS Staffing, LLC; CHS PA, LLC; CHS MA, LLC; Corizon, LLC; YesCare Holdings LLC; CHS GA, LLC; CHS AZ, LLC; CHS IN, LLC; CHS MO, LLC; CHS KS, LLC; CHS NH, LLC; CHS New Jersey; CHS TN, LLC; YesCare AR, LLC; CHS IL, LLC; CHS MN, LLC; CHS VA, LLC; M2 LoanCo; M2 HoldCo, LLC; M2 EquityCo, LLC; SIGMA Risk Management, LLC; CFG Health Systems, LLC; CFG Medical Services PA, PLLC; Geneva Health P.A.; Pinta Capital; Perigrove LLC; Perigrove 1018, LLC; Adar Management, LLC.

13.     "TN Services" shall refer to, however applicable, TN Correct Health Services LLC (formerly known as Geneva Consultings LLC) and/or any of the assumed names registered by TN Correct Health Services LLC (including without limitation "CHS Employee Group LLC," "CHS FL, LLC," and "CHS TX, LLC").

14.     "American Express" means American Express Travel Related Services, Inc. and any of its Affiliates.

15.     This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

16.     Unless otherwise specified, each request herein seeks Documents and information for the period from January 1, 2026 through the date of full compliance with the Subpoena (the "Relevant Period").

17.     If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please respond as fully as otherwise possible with all nonprivileged documents in whole or part and identify the following with respect to each such document:

>    (a)     the nature of the privilege which is being claimed;
>
>    (b)     the type of document;
>
>    (c)     the general subject matter of the document;
>
>    (d)     the date of the document;
>
>    (e)     the author of the document;
>
>    (f)     the addressee of the document; and
>
>    (g)     where not apparent, the relationship of the author to the addressee.

## II.     REQUESTS FOR PRODUCTION

1.     All statements for account number 3716 151809 61001 from January 1, 2026 to the present.

2.     All documents identifying any payments received by you for account 3716 151809 61001 from January 1, 2026 to the present.