UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re:<br><br>CHS FL, LLC, *et al.*,<br><br>Debtors.[1]<br>_______________________________/ | Chapter 11<br><br>Case No. 2:26-bk-01087-FMR<br>*Jointly Administered* |
| THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE OF CHS FL, LLC, *et al.,* on behalf of the Bankruptcy Estate of CHS FL, LLC *et. al.,*<br><br>Plaintiff,<br>v.<br><br>YITZCHAK "ISAAC" LEFKOWITZ, individually, TN CORRECT HEALTH SERVICES LLC, and CORRECT HEALTH SERVICES LLC,<br><br>Defendants.<br>_______________________________/ | Adv. Pro. No. 2:26-ap-00028-FMR |

**AGREED *EMERGENCY* MOTION OF THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE TO RESCHEDULE HEARINGS ON (I) PRELIMINARY INJUNCTION AND (II) THE COMMITTEE'S MOTION TO COMPEL DISCOVERY (Related Docket Nos. 2, 15, 26, & 44)**

**EMERGENCY HEARING REQUESTED**

The Statutory Unsecured Claimholders' Committee (the "**Committee**") of CHS FL, LLC, *et al.* (the "**Debtors**") moves pursuant to 11 U.S.C. §105 and Local Rule 5071-1, for entry of an Order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") rescheduling

[1] Lead Debtor address: 3347 Tamiami Trl E. Naples, FL 34112. Last four digits of Debtors' tax IDs: CHS FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573); Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

the (i) evidentiary hearing on the Committee's request for a preliminary injunction and (ii) the status conference on *The Statutory Unsecured Claimholders' Committee's Emergency Motion for Entry of an Order (I) Holding CHS Employee Group LLC and Isaac Lefkowitz in Contempt and (II) Compelling Discovery* [Docket No. 330] (the "**Motion to Compel**") currently scheduled for October 19, 2026 at 9:30 a.m. (ET) (the "**Hearings**") to a date approximately 60 days from the date of this Motion, on or about December 10, 2026:

## PRELIMINARY STATEMENT

1. The Committee seeks to reschedule the Hearings to a date approximately 60 days from the date of this Motion, on or about December 10, 2026, to continue discussions with the Chapter 11 Trustee, the Defendants, and CHSEG (as defined herein) concerning all matters in connection with the above-captioned chapter 11 cases. The Defendants and CHSEG have agreed to this relief.

## BACKGROUND

### A. The Chapter 11 Cases.

2. On May 8, 2026 and May 13, 2026, as applicable, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. On May 28, 2026, the United States Trustee for Region 21 (the "**UST**") appointed the Committee. *See* Docket No. 137.

4. On July 17, 2026, the Debtors and the Committee filed the *Joint Expedited Motion of Debtors and the Statutory Unsecured Claimholders' Committee for Entry of an Order (I) Directing the Appointment of a Chapter 11 Trustee Pursuant to Section 1104(a)(2) of the Bankruptcy Code, (II) Authorizing Case Resolution Procedures, (III) Granting the Committee Derivative Standing to Prosecute Estate Causes of Action, and (IV) Granting Related Relief.*

[Docket No. 387] (the "**Trustee Motion**"). Pursuant to the Trustee Motion, the Debtors and the Trustee sought appointment of an independent chapter 11 trustee to oversee the Debtors' estates and assist the Committee in its pursuit of potentially valuable claims against insiders, such as the Defendants.

5. On July 31, 2026, the Court entered an Order approving the Trustee Motion. *See* Docket No. 429.

6. On August 5, 2026, the UST appointed Michael Goldberg, Esq. of Akerman LLP as the chapter 11 trustee of the Debtors and their estates (the "**Chapter 11 Trustee**"). *See* Docket No. 450.

**B. The Motion to Compel**

7. On June 19, 2026, the Committee filed *The Statutory Unsecured Claimholders' Committee's Amended Emergency Motion to Compel Discovery from CHS Employee Group LLC* [Docket No. 254] (the "**Motion to Compel CHSEG**"), seeking to compel certain discovery from CHS Employee Group LLC ("**CHSEG**").

8. On June 24, 2026, the Court entered an order granting the Motion to Compel CHSEG. *See* Docket No. 288.

9. On July 2, 2026, the Committee filed the Motion to Compel.

10. On July 8, 2026, the Court entered an agreed order granting the Motion to Compel as outlined therein.

**C. The Adversary Proceeding.**

11. On July 13, 2026, the Committee filed the *Complaint for Injunctive Relief, Turnover of Estate Property, and Damages* [Adv. Pro. Docket No. 1] (the "**Complaint**"), commencing the present adversary proceeding. The Complaint alleges, *inter alia*, that Mr. Lefkowitz, through the other Defendants, misappropriated the Debtors' receivables to satisfy his

own personal and/or obligations of non-Debtor entities he controls. The Complaint seeks to recover approximately $2.06 million in transfers of the Debtors' receivables and related injunctive relief (the "**Claims**").

12. On July 13, 2026, the Committee also filed the *Emergency Motion of the Statutory Unsecured Claimholders' Committee for Entry of an Agreed Order Granting Leave, Standing, and Authority to Prosecute Certain Claims on Behalf of the Debtors' Estates and for Related Relief* [Docket No. 360] (the "**Standing Motion**"), seeking to pursue the Claims on behalf of the Debtors' estates.

13. On July 18, 2026, the Court entered an Order granting the Standing Motion. *See* Docket No. 388.

14. On August 3, 2026, the Committee amended the Complaint to include several additional postpetition transfers of the Debtors' funds which the Committee believes were also misappropriated by the Defendants. *See* Adv. Pro. Docket No. 29.

**D. The TRO Motion.**

15. On July 13, 2026, the Committee filed the *Emergency Motion for an Order to Show Cause With Temporary Restraints* [Adv. Pro. Docket No. 2] (the "**TRO Motion**"). The TRO Motion sought (i) to freeze all bank accounts held by the Defendants holding any funds of the Debtors, (ii) a full accounting of all funds received by the Debtors, (iii) a prohibition on transfers of the Debtors' funds, (iv) an order to show cause why a preliminary injunction should not be with respect to the foregoing, (v) financial institution compliance with respect to the foregoing, (vi) expedited discovery, (vii) immediate turnover of possession and control of bank accounts holding the Debtors' funds, and (viii) execution of documents by the Defendants and financial institutions to implement the relief sought.

16. On July 15, 2026, the Court entered the *Agreed Order on Committee's Emergency Motion for an Order to Show Cause with Temporary Restraints and Setting Preliminary Injunction Hearing* [Adv. Pro. Docket No. 15]. The Agreed Order reflected a consensual resolution of the TRO Motion between the Committee and the Defendants and provided that, among other things, Lefkowitz would produce "bank statements for the Corporate Accounts and any documents in his possession, custody, or control relating to the issuance, deposit, location, or cancellation of the cashier's check referenced in paragraphs 23 to 27 of the Complaint [ECF No. 1] and the transfers referenced in paragraph 18 of the Complaint [ECF No. 1]." The Agreed Order also provided that the Defendants would use good faith efforts to provide the Debtors with full access to non-debtor accounts used in the Debtors' business, the Parties would conduct expedited discovery, and a preliminary injunction hearing would be set by the Court.

17. The hearing on the Committee's request for a preliminary injunction was previously scheduled for August 17, 2026 at 9:30 a.m. (ET). Following discussions between the Committee, the Defendants, and the Chapter 11 Trustee, the parties agreed to reschedule the hearing to October 19, 2026 at 9:30 a.m. (ET).

## RELIEF REQUESTED

18. By this Motion, the Committee requests that the Court enter the Proposed Order, rescheduling the Hearings to a date approximately 60 days from the date of this Motion, on or about December 10, 2026, as the Court's calendar may permit. Local Rule 5071-1 provides that: "[h]earings or trials will not be rescheduled upon stipulation of counsel alone, but may be allowed by order of the Court for good cause shown." M.D. Fla. Bankr. L. R. 5071-1. Further, Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Here, good cause exists to reschedule the Hearings. Following the Chapter 11 Trustee's appointment, the Chapter 11 Trustee has worked with Committee counsel to get up to speed in all matters in these Chapter 11 Cases, including this Adversary Proceeding and the Motion to Compel. Additionally, the Chapter 11 Trustee, the Committee, the Defendants, and CHSEG continue to have discussions concerning all matters in connection with these Chapter 11 Cases. In order to continue these discussions, the Committee respectfully requests an additional 60 day adjournment, while maintaining the Agreed Order's effectiveness in the interim. All parties believe that continuing discussions, while maintaining the status quo, is a prudent use of estate and judicial resources. Accordingly, good cause exists to reschedule the Preliminary Injunction Hearing.

20. Pursuant to Local Rule 5071-1(b), the Committee hereby states that counsel for the Plaintiff, Defendants, and CHSEG have conferred and the Defendants and CHSEG agree to the request to reschedule the Hearings to a date approximately 60 days from the date of this Motion, on or about December 10, 2026, as the Court's calendar may permit.

**WHEREFORE**, the Committee respectfully requests that this Court enter the Proposed Order rescheduling the Hearings to a date approximately 60 days from the date of this Motion, on or about December 10, 2026, as the Court's calendar may permit, and granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated: October 16, 2026
Miami, Florida

Respectfully submitted,

**COLE SCHOTZ P.C.**

By: */s/ Luis Salazar*

Luis Salazar, Esq. (Florida Bar No. 147788)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
Sarah A. Carnes, Esq. (admitted *pro hac vice*)
Brickell City Tower
80 SW 8th Street, Suite 1900
Miami, Florida 33130
Telephone: (305) 374-4848
lsalazar@coleschotz.com
jalberto@coleschotz.com
scarnes@coleschotz.com

- and -

**PROSKAUER ROSE LLP**

Brian Rosen, Esq. (admitted *pro hac vice*)
Ehud Barak, Esq. (admitted *pro hac vice*)
Daniel Desatnik, Esq. (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
brosen@proskauer.com
ebarak@proskauer.com
ddesatnik@proskauer.com

- and -

Paul Possinger, Esq. (admitted *pro hac vice*)
Jordan Sazant, Esq. (admitted *pro hac vice*)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
ppossinger@proskauer.com
jsazant@proskauer.com

*Counsel to the Statutory Unsecured Claimholders' Committee to CHS FL, LLC, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in this case and parties in interest registered to receive notices via transmission of Notices of Electronic Filing.

*/s/ Luis Salazar*
Luis Salazar

# <u>EXHIBIT A</u>

# Proposed Order

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re: Chapter 11

CHS FL, LLC, *et al*., Case No. 2:26-bk-01087-FMR
*Jointly Administered*

Debtors.[1]
_______________________________________/

THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE OF CHS FL, LLC, *et al.,* on behalf of the Bankruptcy Estate of CHS FL, LLC *et. al.,* Adv. Pro. No. 2:26-ap-00028-FMR

Plaintiff,

v.

YITZCHAK "ISAAC" LEFKOWITZ, individually, TN CORRECT HEALTH SERVICES LLC, and CORRECT HEALTH SERVICES LLC,

Defendants.
_______________________________________/

**AGREED ORDER**
**RESCHEDULING OCTOBER 19 HEARINGS**

[1] Lead Debtor address: 3347 Tamiami Trl E. Naples, FL 34112. Last four digits of Debtors' tax IDs: CHS FL, LLC (5547); CHS TX, Inc. (5886); CHS AL, LLC (0801); YesCare Corp. (5961); CHS Care NY, LLC (4573); Corizon Health of New Mexico, LLC (4760); CHS Care TX, LLC (6583).

Upon consideration of the *Agreed Emergency Motion of the Statutory Unsecured Claimholders' Committee to Reschedule (I) Preliminary Injunction Hearing and (II) the Committee's Motion to Compel* [Docket No. ___] (the "Motion")[2] pursuant to section 105 of the Bankruptcy Code and Local Rule 5071-1, seeking entry of an Order (i) rescheduling the Hearings to a date approximately 60 days from the date of this Motion, on or about December 10, 2026, as the Court's calendar may permit; (ii) continuing the terms of the Agreed Order pending the outcome of the rescheduled Hearings; and (iii) granting related relief; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances, and no further notice needing be provided; and the Court having reviewed the Motion and having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby

**ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Hearings are rescheduled to December 10, 2026, at 9:30 a.m. (Eastern Time).

3. The Court will conduct the Hearings in person at the Sam M. Gibbons United States Courthouse, 801 N Florida Avenue, Courtroom 9A, Tampa, Florida 33602. Parties are directed to consult Judge Rivera's Procedures Governing Court Appearances regarding policies and procedures for attendance at hearings by video or telephone via Zoom, available at https://www.flmb.uscourts.gov/judges/rivera/. If you are unable to access the Court's website,

---

[2] Capitalized terms used in this Order shall have the meanings ascribed to them in the Motion.

please contact the Courtroom Deputy at (813) 301-5195 no later than 3:00 p.m. one business day before the date of the hearing.

4. Any party opposing the relief sought at this hearing must appear at the Hearings, or any objections or defenses may be deemed waived. The Court may continue this matter upon announcement made in open court and reflected on the docket without further written notice.

5. Pending the outcome of the Hearings, all terms of the Agreed Order remain in full force and effect.

6. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Attorney Luis Salazar is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order